UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

| | |
|---|---|
| TRAVIS TURNER, III, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:05-cv-737 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| GRAND RAPIDS BOARD OF ) | |
| EDUCATION, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER OF REMAND** |
| Defendants. ) | |
| ) | |

The captioned matter is before the court pursuant to a notice of removal filed by plaintiff, Travis Turner, III, purporting to remove five civil actions from the Kent County Circuit Court to this court. In each civil action, plaintiff Travis Turner, III brings claims on his own behalf and that of his minor daughter against various defendants. Mr. Turner has already been sanctioned by this court for abusive litigation practices, and has been restricted from proceeding *in forma pauperis* as a result of those abuses. *See Turner v. Lennon*, case no. 1:02-cv-581 (W.D. Mich. Nov. 1, 2002). To avoid this restriction, Mr. Turner has paid the $250.00 civil action filing fee. The matter is now before this court on the motion of defendants Grand Rapids Board of Education, Amy Mabin, Larry Johnson, and Wyoming Public Schools (defendants in two of the five removed cases) to remand those cases to the state court, pursuant to 28 U.S.C. § 1447(c).

The right to remove a civil action from state to federal court is governed completely by statute. 28 U.S.C. § 1446(a) sets forth the procedure for removal, limiting the right to removal to "defendants":

>    (a)    A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). On the basis of this clear statutory language, the federal courts unanimously hold that the statute authorizes removal only by state-court defendants. *See, e.g., Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 579-580 (1954). Consequently, it is black-letter law that a plaintiff cannot remove. *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER: FEDERAL PRACTICE & PROCEDURE § 3731 at 253 (3d ed. 1998).

After review of the state-court records in each of the five removed cases, this court concludes that Travis Turner, III is the plaintiff in each case and that each case was therefore removed in violation of law. Indeed, the purported notice of removal states no grounds for removal and is patently deficient on its face. The court concludes that the moving defendants are entitled to an order of remand. Furthermore, the court concludes that the other three removed matters should also be remanded, *sua sponte*. This court clearly lacks removal jurisdiction over any of the removed cases. The need for expedition in remand is apparent, as defendants' motion indicates that these matters are before the Kent County Circuit Court for hearing on dispositive motions on Friday, November 4, 2005. Apparently, plaintiff chose the device of an improper removal in order to forestall the state court's consideration of defendants' pending dispositive motions. In light of this fact, this court will not make itself a party to a patent obstruction of the orderly process of the state circuit court. Accordingly:

IT IS ORDERED that the captioned case, and all state-court actions purportedly removed herein, be and they hereby are REMANDED to the Kent County Circuit Court for all further proceedings, the court finding that these actions were removed improvidently and without jurisdiction.


Date:   November 2, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE